**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

| | | |
|---|---|---|
| **SHERMAN CARTER,** | ) | |
| | ) | CIVIL ACTION NO. 2:20cv02921-SHM-atc |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Samuel H. Mays, Jr. |
| | ) | |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY** | ) | Magistrate Judge Annie T. Christoff |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Sherman Carter ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln admits that it is legally authorized to conduct its business in Tennessee and that it was properly served in this action. Lincoln admits that the governing jurisdiction is Tennessee. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, pursuant to 29 U.S.C. § 1132(a)(1)(B) but Lincoln denies Plaintiff is entitled to any such relief or recovery. To the extent the remaining allegations

contained in Paragraph 3 of the Complaint purport to assert a cause of action pursuant to 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty, any such allegations are the subject of Lincoln's Motion to Partially Dismiss filed concurrently with this Answer. Lincoln admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue of this action is proper in this Court. Lincoln admits that by this action, Plaintiff is seeking recovery of long term disability benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery from it. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## FACTS

5. Lincoln admits Plaintiff was, at certain times, employed by BarDett LLC which was acquired by Ajax Distributing Company of Memphis, LLC (collectively, "BarDett/Ajax"), and was, at certain times, a participant in the BarDett/Ajax Distributing Company of Memphis Long-Term Disability Plan (the "LTD Plan") sponsored by BarDett/Ajax to provide long term disability benefits to certain of its employees. Lincoln admits that what appears to be a copy of the Group Disability Income Policy (the "Policy") issued by Lincoln to BarDett/Ajax was attached to the Complaint. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that the LTD Plan is an employee welfare benefit plan as defined by ERISA and that the Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits Plaintiff was, at certain times, employed by BarDett/Ajax and was, at certain times, a participant in the LTD Plan. Lincoln admits it originally issued the Policy to BarDett, LLC, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it originally issued the Policy to BarDett, LLC, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits the Policy includes language pertaining to the definition of “Disabled” or “Disability” as applicable to a participant’s claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff was, at certain times, employed by BarDett/Ajax as a Off Premise Delivery Driver. Lincoln admits that certain documents concerning Plaintiff’s job description at BarDett/Ajax are contained in the administrative record reviewed by Lincoln upon which Plaintiff’s claim for benefits from the LTD Plan under the Policy was evaluated, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff’s last day of work at BarDett/Ajax was August 6, 2015. Lincoln admits that certain documents concerning Plaintiff’s medical complaints and

treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these

documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the BarDett/Ajax Distributing Company of Memphis Short-Term Disability Plan (the "STD Plan") sponsored by BarDett/Ajax. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter dated December 28, 2015, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 21of the Complaint.

22. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter dated June 12, 2017, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits it sent a letter dated September 7, 2017, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for

benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it sent a letter dated October 30, 2018, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it received a first level appeal of the denial of further benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter dated July 12, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it received a second level appeal of the denial of further benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter dated March 31, 2020, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it sent a letter dated March 31, 2020, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and nurse reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the

administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln admits that physician peer reviews and nurse reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and

Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, pursuant to 29 U.S.C. § 1132(a)(1)(B) but Lincoln denies Plaintiff is entitled to any such relief or recovery. To the extent the remaining allegations contained in Paragraph 37 of the Complaint purport to assert a cause of action pursuant to 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty, any such allegations are the subject of Lincoln's Motion to Partially Dismiss filed concurrently with this Answer. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies all allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits it originally issued the Policy to BarDett, LLC, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on its administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on its administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that

such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with recovery of attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to state a claim upon which relief may be granted with regard to its claim for statutory penalties against Lincoln as Lincoln is not an entity from which Plaintiff may recover statutory penalties under ERISA.

6. Plaintiff has failed to state a claim upon which relief may be granted in that Plaintiff timely received all documents upon which a claim for recovery of statutory penalties under ERISA could be based.

7. Plaintiff was not prejudiced by any asserted failure to provide any documents Plaintiff alleges were requested with regard to Plaintiff's claim for recovery of statutory penalties under ERISA.

8. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

9. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

10. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 15th day of January 2021.

Respectfully submitted,

By: *___/s/ Iwana Rademaekers___*

Iwana Rademaekers (Texas Bar # 16452560)
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon all known counsel of record via the Court's ECF Mail System upon the following:

Danielle N. Rassoul, Esq.
Email: drassoul@glankler.com

January 15, 2021
Date

/s/ Iwana Rademaekers
Iwana Rademaekers