**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

| | | |
|---|---|---|
| **SHERMAN CARTER,** | ) | |
| | ) | CIVIL ACTION NO. 2:20cv02921-SHM-atc |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Samuel H. Mays, Jr. |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | ) | |
| | ) | Magistrate Judge Annie T. Christoff |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Motion to Partially Dismiss Plaintiff's Complaint and Memorandum in Support.

## I. GROUNDS FOR THE MOTION

In Plaintiff's Complaint (the "Complaint"), Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1). Plaintiff also brings a claim for breach of fiduciary duty for equitable relief, under 29 U.S.C. § 1132(a)(3). (Complaint, ¶¶ 3 and 37). However, the allegations pled in the Complaint in support of Plaintiff's claim for breach of fiduciary duty, even if taken as true,[1] are insufficient to support the relief requested by Plaintiff. Specifically, in the Complaint, Plaintiff seeks recovery of disability benefits from Lincoln under ERISA (29

[1] For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Memorandum or by any statement contained therein.

U.S.C. § 1132(a)(1)(B)). Plaintiff also brings a claim for breach of fiduciary duty and seeks equitable relief in the Complaint under 29 U.S.C. § 1132(a)(3). However, Plaintiff's § 1132(a)(3) claim for equitable relief against Lincoln fails because, based on the face of the Complaint, Plaintiff has adequate redress under his claim for recovery of benefits pursuant to § 1132(a)(1)(B).

## II. ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Petition for failure to state a claim upon which relief can be granted.[2] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[3] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[4] Plaintiff has failed to meet this burden with regard to the ERISA claim for breach of fiduciary duty and equitable relief under 29 U.S.C. § 1132(a)(3), and this claim must be dismissed from this action.

### B. SECTION 1132(a)(3) CLAIM FOR EQUITABLE RELIEF

In his Complaint, Plaintiff seeks recovery of disability benefits from Lincoln in this action. (Complaint, ¶ 37) However, the Complaint also contains Plaintiff's claim against Lincoln for breach of fiduciary duty and equitable relief (Complaint, ¶ 37) under 29 U.S.C.

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365 (6th Cir. 2011) *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

§ 1132(a)(3).[5] This claim for breach of fiduciary duty is precluded by virtue of the availability to Plaintiff of his claim for recovery of benefits pursuant to § 1132(a)(1)(B), for which Plaintiff has pled in the Complaint.[6]

The United States Supreme Court has recognized that claims for fiduciary duty and equitable relief may be brought under § 1132(a)(3). Varity Corp. v. Howe, 516 U.S. 489 (1996). However, the Supreme Court has specifically held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief . . ." Varity, 516 U.S. at 515. As amplified by the Sixth Circuit in Rochow v. Life Insurance Co., 780 F.3d 364, 372 (6th Cir. 2015) (en banc), a claimant cannot bring a § 1132(a)(3) breach of fiduciary duty claim in addition to a § 1132(a)(1)(B) denial of benefits claim unless "it is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress [under § 1132(a)(1)(B)] is otherwise shown to be inadequate." Moreover, even if the participant will not prevail on a § 1132(a)(1)(B) denial of benefits claim, this does not make a § 1132(a)(3) breach of fiduciary duty claim for equitable relief viable. Strang v. Ford Motor Co. General Retirement Plan, 693 Fed. Appx. 400, 405-06 (6th Cir. 2017); Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609 (6th Cir. 1998).

Plaintiff's Complaint neither asserts any injury apart from the denial of benefits nor alleges facts to show that the remedy afforded under § 1132(a)(1)(B) is inadequate. Plaintiff's Complaint simply states a single injury, which is a denial of benefits claimed by Plaintiff. Moreover, the Complaint asserts the remedy under § 1132(a)(1)(B), which is loss of benefits and

---

5 A claim for breach of fiduciary duty and equitable relief under ERISA are only available pursuant to 29 U.S.C. § 1132(a)(3). Varity Corp. v. Howe, 516 U.S. 489 (1996).

6 Plaintiff specifically references 29 U.S.C. § 1132(a)(1)(B) in the Complaint at ¶¶ 3 and 37.

does not provide facts to support any other remedy or requested relief.[7] Accordingly, because § 1132(a)(1)(B) provides a remedy, Plaintiff may not simultaneously maintain a claim under § 1132(a)(3) for breach of fiduciary duty, even if Plaintiff's § 1132(a)(1)(B) claim against Lincoln is unsuccessful. Hence, this Court should dismiss Plaintiff's claim for breach of fiduciary duty and equitable relief that is asserted in Paragraphs 3 and 37 of the Complaint.

## III.
## REQUEST FOR RELIEF

Lincoln requests the Court enter an Order that Plaintiff's claim shall proceed as claims under 29 U.S.C. § 1132(a)(1)(B); that Plaintiff's claim for breach of fiduciary duty, equitable relief, and all other claims under 29 U.S.C. § 1132(a)(3) be dismissed with prejudice; awarding Lincoln's attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and granting any other relief to which it shows itself justly entitled.

Dated this 15th day of January 2021.

Respectfully submitted,

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar # 16452560)
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

[7] Complaint (Document 2) at ¶ 45 and Prayer for Relief at 2 and 6.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon all known counsel of record via the Court's ECF Mail System upon the following:

Danielle N. Rassoul, Esq.
Email: drassoul@glankler.com

January 15, 2021
Date

/s/ Iwana Rademaekers
Iwana Rademaekers