**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS**

---

**SHERMAN CARTER**

**Plaintiff,**

**vs.** **No.: 2:20-cv-02921-SHM-atc**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

---

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

---

**COMES NOW,** Plaintiff, Sherman Carter ("Mr. Carter"), and files this Answer to Defendant, The Lincoln National Life Insurance Company's ("Lincoln") Counterclaim, and states as follows:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Lincoln's Counterclaim is preempted by the Employee Retirement Income Security Act of 1974, as amended, at 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Lincoln lacks standing to bring its Counterclaim against Mr. Carter.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

Lincoln's Counterclaim fails to state a claim against Mr. Carter for which relief may be granted, and thus, must be dismissed.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

Lincoln's Counterclaim is barred in whole or in part by setoff, accord and satisfaction, waiver, and/or release.

**FIFTH AFFIRMATIVE DEFENSE**

Lincoln's Counterclaim is barred by the doctrine of first to breach.

**SIXTH AFFIRMATIVE DEFENSE**

Lincoln's Counterclaim is barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Lincoln's Counterclaim is barred in whole or in part by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Now for more particular answer to the individual allegations of the Counterclaim, paragraph by paragraph, Mr. Carter states as follows:

Mr. Carter is without knowledge or information sufficient to form a belief as to the truth of Lincoln's allegations of breach of contract, and on that basis, denies them. Mr. Carter denies that Lincoln is entitled to a constructive trust or other equitable relief. Mr. Carter further denies that Lincoln is entitled to recover on the basis of unjust enrichment. Mr. Carter is without knowledge or information sufficient to form a belief as to the allegations relating to the retention of benefits from the Social Security Administration.

Mr. Carter is without knowledge or information sufficient to form a belief as to the allegations relating to an award of disability benefits. Mr. Carter would state that the document governing the LTD Plan speaks for itself, and otherwise denies Lincoln's allegations relating to such. Mr. Carter denies that it has breached the terms of the LTD Plan. Mr. Carter denies that Lincoln is entitled to any recovery from Mr. Carter, including Lincoln's attorney's fees.

All allegations of the Complaint not heretofore admitted or denied are hereby denied. Pleading further, Mr. Carter reserves the right to amend this Answer, file a third-party complaint,

crossclaim, counterclaim, or any other pleadings which may be necessary after further discovery warrants as provided for by Tennessee law.

Pleading further, Mr. Carter reserves the right to file all affirmative defenses pursuant to Rule 8.03 of the Tennessee Rules of Civil Procedure, including but not limited to: "accord and satisfaction, arbitration and award, express assumption of risk, comparative fault, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, waiver, . . . and any other matter constituting an affirmative defense."

**NOW,** having fully answered, Plaintiff, Sherman Carter prays that this Honorable Court dismiss Defendant, Lincoln National Life Insurance Company's Counterclaim with prejudice and grant Plaintiff, Sherman Carter all such other relief to which it may be entitled.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Danielle N. Rassoul ______
Don L. Hearn, Jr. (#22837)
Danielle N. Rassoul (#36911)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Telephone: (901) 525-1322
Facsimile: (901) 525-2389
dhearn@glankler.com
drassoul@glankler.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was served upon all known counsel of record via the Court's ECF Mail System upon counsel for Defendant, Iwana Rademaekers, on this 12th day of February 2021.

/s/ Danielle N. Rassoul
Danielle N. Rassoul