**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SHERMAN CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:20-cv-02921-SHM-atc** |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

**SCHEDULING ORDER**

Pursuant to written notice, a scheduling conference was held on February 25, 2021. Participating on behalf of the plaintiff was Don L. Hearn, Jr. Participating on behalf of the defendant was Iwana Rademaekers. The following schedules and deadlines were established:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: The Defendant shall produce the Administrative Record to the Plaintiff and file a redacted version with the Court on or before **March 28, 2021**.

**JOINING PARTIES**: April 30, 2021.

**AMENDING PLEADINGS**: April 30, 2021.

**DISCOVERY PLAN**: The Parties jointly propose the following plan:

**(a)** Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant contends that no discovery is needed or appropriate. Plaintiff believes that certain discovery may be allowed under existing law or

a good-faith modification or extension of existing law, including evidence of conflict of interest/bias or violation of due process on the part of the decision-maker (see, 29 U.S.C. §1133(2)).

**(b)** The deadline for completing any limited discovery as may be allowed in an ERISA action shall be May 30, 2021.

**(c)** If Plaintiff serves written discovery requests, Defendant shall serve its responses and/or objections thereto under the timelines described in the Federal Rules of Civil Procedure.

**(d)** The Parties will endeavor to resolve any discovery disputes between themselves, prior to involving the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

**(e)** Nothing in this plan will be considered as a concession from or waiver by Defendant that discovery is allowable in an ERISA benefits claim.

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** June 30, 2021

**(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)1**:

**Mediator's Name: TBD**

**Stipulation Filing Date:** May 30, 2021

**FILING DISPOSITIVE MOTIONS**: Trials are uncommon in ERISA benefit claims. Rather, the Court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. Accordingly, this case will be decided on the administrative record and cross motions for summary judgement to be filed by the Parties, pursuant to the following deadlines:

Administrative Record: **March 28, 2021**.

| | |
|---|---|
| Cross Motions for Judgment: | **September 20, 2021** (up to 25 pages); |
| Responses: | **October 18, 2021** (up to 15 pages); |
| Replies: | **November 1, 2021** (up to 5 pages). |

Absent good cause, the scheduling dates set by this order will not be modified or extended.

SO ORDERED this 25th day of February, 2021.

**s/ Samuel H. Mays, Jr.**
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE