IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHERMAN CARTER, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:20-cv-02921-SHM-atc |
| Plaintiff, | | |
| v. | | |
| THE LINCOLN NATIONAL LIFE INSURANCE CO., | | |
| Defendant. | | |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq., ("ERISA"). Before the Court is Defendant The Lincoln National Life Insurance Company's ("Lincoln National") January 15, 2021 Partial Motion to Dismiss (the "Motion"). (D.E. No. 11.) Plaintiff Sherman Carter ("Carter") has not responded. For the foregoing reasons, the Motion is **GRANTED**.

**I.  Background**

Carter was employed by Ajax Distributing Company of Memphis ("Ajax"). (See D.E. No. 1, p. 12 ¶ 5.) He worked as a delivery driver and had to engage in "physically demanding and stringent activity". (Id. at p. 13 ¶ 9.) Carter was a participant and beneficiary under an employee benefit and welfare policy (the "Policy") issued by Lincoln National. (Id. at p. 12, ¶¶ 5-7.)

The Policy allowed Ajax employees to continue to receive a percentage of their income if they became disabled, as defined by the Policy. (Id. at p. 12 ¶ 8.)

On August 5, 2015, Carter stopped working because of his hip and heart conditions. (Id. at p. 13 ¶ 10.) On September 18, 2015, a doctor opined that Carter was unable to work based on his medical conditions. (Id. at p. 14 ¶ 15.) On October 22, 2015, Lincoln Nationwide granted Carter short-term disability benefits under the Policy. (Id. at p. 14 ¶ 18.) Carter's treating cardiologist "consistently opined that Mr. Carter was totally disabled and could not work at all." (Id. at 14-15, ¶¶ 20-21.)

On June 12, 2017, Lincoln National completed its investigation of Carter's long-term disability claim and determined that Carter was "Totally Disabled from Any Occupation" under the Policy. (Id. at 15-16, ¶ 25.) On June 17, 2017, the Social Security Administration (the "SSA") determined that Carter became disabled on August 6, 2015. (Id. at 16 ¶ 26.) On September 7, 2017, Lincoln National informed Carter that his long-term disability benefits would be reduced by the amount he had received from the SSA. (Id. at p. 16 ¶ 27.)

On October 30, 2018, Lincoln National reversed its decision that Carter was totally disabled and determined that he could perform light and sedentary work. (Id. at pp. 16-17 ¶ 30.)

2

Carter timely filed his first and second level appeals, both of which were denied. (See id. at p. 17 ¶¶ 31-32.)

On December 22, 2020, Carter filed the Complaint. (Id.) He brings a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). (Id. at p. 18 ¶ 37.) He also brings a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). (Id.)

On January 15, 2021, Lincoln National filed its Answer and Counterclaim. (D.E. No. 9.) Lincoln National brings a Counterclaim for breach of contract for Carter's failure to reimburse Lincoln National as an offset to his SSA benefits in accordance with the Policy. (Id. at 13.) Lincoln National also brings a Counterclaim for unjust enrichment. (Id.) Lincoln National asks that a constructive trust under 29 U.S.C. § 1132(a) be imposed on any benefits Carter received from Lincoln National or the SSA. (Id.)

On January 15, 2021, Lincoln National filed the Motion. (D.E. No. 11.) Carter has not responded. On February 12, 2021, Carter filed his Answer to Lincoln National's Counterclaim. (D.E. No. 13.)

## II. Jurisdiction

The Court has federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or

3

treaties of the United States." Carter asserts claims under 29 U.S.C. § 1132(a)(1)(B) and (a)(3). (D.E. No. 2, ¶¶ 29-32.)

**III. Standard of Review**

Rule 12(b)(6) provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The factual allegations must be more than speculative. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). The Court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations, but does not accept legal conclusions or unwarranted factual inferences as true. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018). "The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions." Id. (citing Twombly, 550 U.S. at 556; Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009)).

Under Local Rule 12.1(b), a party opposing a motion to dismiss must file a response within 28 days after the motion is served. L.R. 12.1(b). The Motion was filed and served on January 15, 2021. (D.E. No. 11, 5.) More than 28 days have passed and Carter has not responded. A plaintiff's failure to respond to a motion to dismiss waives his arguments opposing the motion. Scott v. State of Tenn., 878 F.2d 382 (6th Cir. 1989). However, the Court may grant a motion to dismiss only if the moving party meets its burden to demonstrate that the plaintiff fails to state a claim on which relief can be granted. Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991). The Court must determine whether the moving party has met its burden even if the plaintiff fails to respond to the motion to dismiss. Id.

**IV. Analysis**

Under ERISA, a beneficiary may recover under the following circumstances:

(a) Persons empowered to bring a civil action

    A civil action may be brought--

    (1) by a participant or beneficiary--

        (A) for the relief provided for in subsection (c) of this section, or

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

5

***

>   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(1)(B),(a)(3). A claim under § 1132(a)(1)(B) is known as a denial of benefits claim. Strang v. Ford Motor Co. Gen. Ret. Plan, 693 F. App'x 400, 402-403 (6th Cir. 2017). A claim under § 1132(a)(3) is known as a breach of fiduciary duty claim. Id. at 405.

In the Sixth Circuit, a breach of fiduciary duty claim is only available when other claims under ERISA are unavailable. The Supreme Court has opined that a breach of fiduciary duty claim is unlikely to be appropriate where Congress has provided adequate relief under other provisions of ERISA. Varity Corp. v. Howe, 516 U.S. 489, 515 (1996) ("we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'"). In this Circuit, a breach of fiduciary duty claim is limited to "beneficiaries who may not avail themselves of § 1132's other remedies." Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615-616 (6th Cir. 1998).

The proper remedy for a beneficiary alleging that he has been denied benefits to which he is entitled is a denial of benefits claim. Id. at 615. A beneficiary may not recover for both a denial of benefits and a breach of fiduciary duty. Rochow v. Life Ins. Co. of N. Am., 780 F.3d 364, 374-376 (6th Cir. 2015). The Sixth Circuit has concluded that, when both claims are based on the policy holder's decision not to cover the beneficiary, the claims are based on the same injury. Id. at 374-375. A beneficiary may not plead both a denial of benefits claim and a breach of fiduciary duty claim based on the same injury, and the district court should dismiss the breach of fiduciary duty claim. Strang, 693 F. App'x at 405-406.

Lincoln National argues that Carter's breach of fiduciary duty claim must be dismissed because Carter's alleged injury can only be remedied by a denial of benefits claim. Carter asserts claims for the denial of benefits and for breach of fiduciary duty. (D.E. No. 1, p. 18 ¶ 37.) Carter asserts that the breach of fiduciary duty claim is brought as an alternative to the claim for denial of benefits. (Id.) Carter fails to plead facts to prove a separate injury for breach of fiduciary duty. He alleges that Lincoln National wrongfully denied him total disability benefits because Lincoln National's decision that he could perform sedentary work was not substantially supported by the evidence. (See id. at pp. 16-18 ¶¶ 29-35.) The only injury

7

Carter alleges is Lincoln National's denial of benefits.  Under 29 U.S.C. § 1132(a)(1)(B), a beneficiary may sue to enforce the terms of a policy or his rights under the policy.  The proper remedy for that injury is a denial of benefits claim.  Carter's claim for breach of fiduciary duty is dismissed.

**V.    Conclusion**

Lincoln National's Motion is **GRANTED**.  Carter's claim for breach of fiduciary duty under ERISA is **DISMISSED**.

SO ORDERED this 8th day of July, 2021.

                                          */s/ Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE